JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Denise McCully, appeals her conviction in the Cuyahoga County Court of Common Pleas for bribery in violation of R.C. 2921.02. For the reasons stated below, we affirm.
 {¶ 2} The following facts give rise to this appeal. The victim in this case is the daughter of McCully. The victim testified to a series of events that occurred just before midnight on February 29, 2004, after the victim had taken her mother to the store to buy beer and dropped her back off at home. The victim stated that as she was leaving, McCully's boyfriend, Eurado Spruce, entered her vehicle with a knife in his hand, smoked several rocks of crack cocaine, digitally penetrated her at least 15 times, and kissed her all over her body. The victim's fifteen-month-old daughter was in the back seat screaming and crying the entire time. The episode lasted over an hour and ended with Spruce taking the victim's keys and telling the victim he was going into the house to tell McCully to talk to her. The victim went back into the house, and Spruce told her he wanted to touch her again. The victim was able to find her keys and leave. She went to her boyfriend's house around 3:00 in the morning.
 {¶ 3} The victim told her boyfriend what had happened. The victim testified that McCully called her that afternoon and told her Spruce's family would give her money if she did not go to the police. The victim also stated that McCully stopped over later in the day, but the victim did not talk to her mother and took off on her roller blades. Shortly thereafter the victim went to the police with her brother and his girlfriend.
 {¶ 4} The victim's boyfriend testified that when the victim arrived at his home, she was shaking and crying. She told him what had happened. The victim's boyfriend conceded, however, that his written statement to police did not contain any reference to what the victim had told him.
 {¶ 5} The victim's boyfriend stated that McCully called several times that afternoon and told him that Spruce's people were willing to pay $500 if they did not go to the police. He also confirmed that McCully came to the house to talk to the victim, but the victim was crying and did not want to talk.
 {¶ 6} The boyfriend's stepsisters also testified that when the victim arrived at their home, the victim was visibly upset, shaking and crying. One of the stepsisters recalled that McCully called the victim, and both stepsisters recalled that McCully showed up at the house to talk to the victim.
 {¶ 7} Investigator Robert Moher, of the City of Lakewood Police Department, testified that when he spoke to McCully, she did not seem to be too concerned with the accusations that her daughter was making. Detective Kevin Kaucheck, of the City of Lakewood Police Department, testified that when he interviewed McCully, she stated that on the night of the incident Spruce offered the victim $500 to not report the incident to the police. According to Detective Kaucheck, McCully also stated that once she learned about the allegations of sexual assault, "she also made an offer, called [the victim] on the phone and told her that Spruce's family would come up with $500 if she did not report [the incident] to the police. And she said she made that offer to [the victim] over the phone." The detective also stated that McCully asked the victim to take the money.
 {¶ 8} McCully was indicted with Spruce on a charge of bribery. Spruce was also indicted on a number of rape and kidnapping charges, as well as an escape charge. McCully and Spruce were tried together before a jury. McCully was found guilty of bribery. The court sentenced McCully to three years of incarceration, fined her $250, and ordered that she pay court costs.
 {¶ 9} McCully has appealed her conviction, raising three assignments of error for our review. Her first two assignments of error challenge her conviction as being against the sufficiency and manifest weight of the evidence. These assignments of error provide:
 {¶ 10} "I: The state failed to present sufficient evidence that appellant committed this crime."
 {¶ 11} "II: Appellant's conviction is against the manifest weight of the evidence."
 {¶ 12} When an appellate court reviews a record upon a sufficiency challenge, "`the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v. Leonard, 104 Ohio St.3d 54, 67,2004-Ohio-6235, quoting State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 13} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which [the trier of fact] could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Leonard,104 Ohio St.3d at 68 (internal quotes and citations omitted).
 {¶ 14} The bribery statute under which McCully was convicted, R.C. 2921.02, provides in relevant part: "(C) No person, with purpose to corrupt a witness or improperly to influence him with respect to his testimony in an official proceeding, either before or after he is subpoenaed or sworn, shall promise, offer, or give him or another person any valuable thing or valuable benefit." A violation of this section is a felony of the third degree.
 {¶ 15} McCully argues that there was insufficient evidence to establish that she was involved in any wrongdoing in this case. She also claims that her actions did not rise to the level of bribery and that her conviction is against the weight of the evidence. We disagree.
 {¶ 16} The victim in this case testified that following the sexual assault, McCully called her and told her Spruce's family would give her money if she did not go to the police. The victim also stated that McCully stopped over later in the day. The victim's boyfriend indicated McCully called several times and told him that Spruce's people were willing to pay $500 if they did not go to the police. Detective Kaucheck testified that McCully told him that she did in fact make the victim an offer. McCully confirmed to the detective that she called the victim and told her that Spruce's family would come up with $500 if she did not report the incident to the police. The detective also stated that McCully asked the victim to take the money. This testimony was sufficient to establish that McCully made the victim an offer of money to prevent her from going to the police.
 {¶ 17} We find that viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. Also, after viewing the record as a whole, we find there was substantial evidence upon which the trier of fact could reasonably conclude that all the elements have been proved beyond a reasonable doubt. We conclude that McCully's conviction was not against the sufficiency or manifest weight of the evidence.
 {¶ 18} McCully's first and second assignments of error are overruled.
 {¶ 19} McCully's third assignment of error provides:
 {¶ 20} "Appellant was denied effective assistance of counsel as guaranteed by Section 10, Article 1, of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution when counsel failed to file a motion for separate trials."
 {¶ 21} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that (1) the performance of defense counsel was seriously flawed and deficient and (2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington
(1984), 466 U.S. 668, State v. Brooks (1986),25 Ohio St.3d 144. In this case, the claimed ineffectiveness of counsel relates to the failure to file a motion for separate trials for the co-defendants.
 {¶ 22} The law favors joinder of defendants and avoidance of multiple trials. Joinder increases judicial efficiency, alleviates inconvenience to witnesses, and reduces the possibility of incongruous results in successive trials before different juries. State v. Thomas (1980), 61 Ohio St.2d 223,225.
 {¶ 23} Crim.R. 14 provides: "If it appears that a defendant * * * is prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint, or by such joinder for trial together of indictments, informations or complaints, the court shall order an election or separate trial of counts, grant a severance of defendants, or provide such other relief as justice requires. * * *." Further, when co-defendants are charged by the same indictment, R.C. 2945.13 applies, which provides as follows: "When two or more persons are jointly indicted for a felony, except a capital offense, they shall be tried jointly unless the court, for good cause shown on application therefor by the prosecuting attorney or one or more of said defendants, orders one or more of said defendants to be tried separately."
 {¶ 24} Here, McCully has failed to show good cause as to why a separate trial should have been requested. Further, we find no prejudice resulted from the co-defendants being tried together. In this case, McCully and Spruce were charged with bribery by the same indictment. The bribery was directly related to the rape and kidnapping offenses. In reviewing the evidence presented at trial, we cannot conclude that trial counsel for the appellant erred in failing to file a written or oral motion for a separate trial.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Corrigan, J., Concur.